# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2011

Lyle W. Cayce
Clerk

No. 10-40384

MIGUEL HERNANDEZ, et al.

Plaintiffs-Appellees

v.

ADELAIDE HORN, et al.

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-163

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellees asserted a claim under 42 U.S.C. § 1983 for damages arising out of allegations of abuse by staff at the Corpus Christi State School. Defendants-Appellants Adelaide Horn, Barry Waller, Denise Geredine, and Iva Benson ("State Defendants") — who were not directly involved in the abuse, but were supervisors — raised qualified immunity as an affirmative defense in the district court. The State Defendants filed a motion to dismiss and for summary judgment, contending that the Plaintiffs-Appellees had neither pleaded a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40384

plausible ground for relief, as required by the heightened pleading standards announced in *Ashcroft v. Iqbal*,[1] nor stated a claim that could overcome qualified immunity.  The district court denied the State Defendants' motion for dismissal and summary judgment,[2] and they appealed.[3]

The State Defendants have waived the only issue they raise on appeal, *viz.*, the unavailability of supervisory liability.  "If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal."[4]  For the first time on appeal, State Defendants assert that "[t]he Supreme Court has eliminated the doctrine of supervisory liability. . . . Although this Circuit has not had an opportunity to confirm its case law accordingly, other federal courts have recognized that claims for failure to supervise and failure to train — the substance of plaintiffs' complaint in this case — are exactly the types of claims that *Iqbal* forecloses."  We can find no argument by the State Defendants in the district court concerning the invalidity of supervisory liability post-*Iqbal*.

The State Defendants assert that they have not waived this issue on appeal because they discussed *Iqbal* at length in their district court motion. There, however, the State Defendants addressed only the holding of *Iqbal* regarding pleading standards, never arguing the substantive holding of *Iqbal* concerning supervisory liability.  Indeed, the State Defendants appear to have conceded in that motion that they could be liable under the standard set forth

---

[1] 129 S. Ct. 1937 (2009).

[2] *Hernandez v. Horn*, 2010 U.S. Dist. LEXIS 37623 (S.D. Tex. Apr. 15, 2010).

[3] Defendants may appeal a denial of qualified immunity at the summary judgment stage under the collateral-order doctrine.  *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

[4] *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 214 n.21 (5th Cir. 2009).

No. 10-40384

in *Youngberg v. Romeo.*[5]  They never contended in the district court that *Iqbal* had foreclosed claims grounded in failure to supervise or failure to train.

As the only issue that the State Defendants advanced on appeal is waived, we must dismiss their interlocutory appeal and remand for further proceedings in the district court.  We express no view on what matters may be properly raised there on remand.

The ruling appealed from the district court is AFFIRMED and the case is REMANDED.[6]

---

[5] 457 U.S. 307 (1982).

[6] Because the State Defendants' interlocutory appeal was grounded entirely in an issue of law, Plaintiffs-Appellees motion to dismiss this appeal is denied.